The preponderance in weight of the evidence substantiates the classification fixed by the collector. Although it appears that one item of the hair nets in question is composed in part of human hair, there is no proof that such material is in chief value, and therefore it has not been sufficiently identified to be properly classifiable as alleged by plaintiff.

The protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.

**No. 48886.**—Protests 98033–K, etc., of Star Food Products, Inc., et al. (New York).

Opinion by COLE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, OCTOBER 16, 1943

**No. 48887.**—Protests 65750–K, etc., of Jordan Marsh Co. et al. (Boston, etc.).

Opinion by LAWRENCE, J. The protests were therefore dismissed.

**No. 48888.**—Protests 94656–K, etc., of Coty Processing Co., Inc., et al. (New York).

Opinion by LAWRENCE, J. The protests were therefore dismissed.

**No. 48889.**—————————————————————Petition 6145–R of Close & Stewart. C. D. 777. Petitioner's application for rehearing granted.

BEFORE THE FIRST DIVISION, OCTOBER 20, 1943

**No. 48890.**—Protests 95940–K, etc., of Yardley & Co., Ltd. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel the protests were sustained as to item No. 2791 on the invoices in question.

**No. 48891.**—Protest 11574–K of M. Pressner & Co. (New York).

Opinion by OLIVER, P. J. At the hearing the collector's letter and the records in Abstracts 40586 and 40480 were incorporated in the record herein. The merchandise in question was therefore held dutiable as follows: (1) Harmonicas at 40 percent under paragraph 1541, following Abstract 40586, and (2) certain whistles at 45 percent under paragraph 397, following Abstract 40480. Protest sustained to this extent, in accordance with stipulated facts.

**No. 48892.**—Protests 908872–G, etc., of T. H. Lung Co. et al. (Boston).

Opinion by COLE, J. In accordance with stipulation of counsel and on the authority of *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). the merchandise was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained to this extent.

**No. 48893.**—Protests 957339–G, etc., of T. H. Lung Co. (Boston).

Opinion by COLE, J. In accordance with stipulation of counsel and on the authority of *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247) the merchandise was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained to this extent.

**No. 48894.**—Protests 516526–G, etc., of Lun Tai & Co. (New York).

Opinion by COLE, J. In accordance with stipulation of counsel and on the authority of *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247) the merchandise was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained to this extent.

BEFORE THE SECOND DIVISION, OCTOBER 20, 1943

**No. 48895.**—Protest 101581–K, etc., of F. Blumenthal & Co. et al. (New York).

Opinion by TILSON, J. The record showed that certain of the items consist of (1) hemp hats similar to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218), (2) hemp knotted straw hats similar to those involved in Abstract 46497, and (3) hats or hoods of ramie and cellophane (racello) similar to those involved in Abstract 47291. In accordance therewith the claim as to these items was sustained.

**No. 48896.**—Protests 48256–K, etc., of Eurasia Import Co., Inc. (New York).

Opinion by TILSON, J. The record showed that certain of the items consist of hats of straw, etc., similar in all material respects to those involved in Abstract 47291. In accordance therewith the claim at only 25 percent was sustained.